41814

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACOB STRINGER | DOCKET NO. 2:15 cv 1408 |
| VERSUS | JUDGE JAY C. ZAINEY – DIV. A |
| JESSIE JUBAN, EXPERT AUTO TRANSPORT, LLC AND WESTERN WORLD INSURANCE COMPANY | MAG. KAREN WELLS ROBY – SEC. 4 |

### JESSE JUBAN'S ANSWERS TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW INTO COURT, through undersigned counsel, comes defendant, Jesse Juban, who responds to plaintiff's Interrogatories and Request for Production of Documents as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:**

Please state:

a) Your full name;

b) Date of birth;

c) Place of birth;

d) Residence address for the past three (3) years;

e) Social Security number;

f) Driver's license number, classifications and any restrictions; and

g) All cellular phone number(s) both person and business at the time of the accident and the carrier(s) of said phones.



1

**ANSWER TO INTERROGATORY NO. 1:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objections, Jesse Eugene Juban was born on August 22, 1979 and resides at 12717 Arnold Street in Walker, Louisiana 70785. Mr. Juban holds a Class A Louisiana driver's license, bearing number 6752845, with no restrictions. The last four digits of Mr. Juban's Social Security number are xxx-xx-4375. Mr. Juban cell phone number is (225) 572-9364. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 2:**

State the name and address of the owner and all occupants of the vehicle that you were operating at the time of the accident in question.

**ANSWER TO INTERROGATORY NO. 2:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objections, as per the Uniform Motor Vehicle Traffic Crash Report, numbered 20140028997, Expert Auto Transport, LLC owned the 2014 Peterbuilt tractor and trailer that Mr. Juban was operating at the time of the incident. Mr. Juban was the only occupant of the vehicle at the time of the incident. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 3:**

State the name and address of all persons known to you, or to your attorneys, who witnessed the accident in question or who came upon the scene of the accident after its occurrence, or who have or purport to have any knowledge regarding the facts and circumstances surrounding the happening of the incident in question.

2

**ANSWER TO INTERROGATORY NO. 3:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objections, defendant believes the following individuals either witnessed or possess information regarding our incident: Jacob Stringer, Kathy Stringer, Jessie Juban, Russell Williams, Debra Williams, Jeffrey Williams, Sarah Williams, Josh Simmons, TJ Christenson, Tyler Mora, Taylor Mitchum, Blake Tomlin, Greg Roberts, Matt Little, Frontier Adjusters of San Antonio claims adjuster Rafael Mogollan, Investigating Officer Thomas Noto of St. Tammany Parish, and the plaintiff's treatment providers. Defendant is also aware of an unknown third party who claims to have witnessed our incident. It is our understanding that the identity of this individual was recently determined to be Davis Moore. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 4:**

Were any statements, written or otherwise, obtained from anyone interviewed or questioned by or on behalf of defendant in connection with the accident and injuries sued on? If so, by whom (providing the name and address) each such statement was obtained and from whom (providing name and address) each such statement was obtained.

**ANSWER TO INTERROGATORY NO. 4:**

Objection. Any such statements would have been taken in anticipation of litigation; and as such, they would not be discoverable under La. CCP Art. 1424, except for statements from the plaintiff. Defendant further objects as this interrogatory seeks to gather information taken in anticipation of litigation and material protected by attorney client privilege. Subject to and

without waiving said objection, defendant is only aware of those statements made to Officer Thomas Noto within the Uniform Motor Vehicle Traffic Crash Report, numbered 20140028997. Further, upon present information and belief, defendant believes Mr. Rafael Mogollan of Frontier Adjusters of San Antonio interviewed Mr. Russell Williams and Mr. Jesse Juban during his investigation of the matter. The deposition of Jacob Stringer was taken on January 15, 2016. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 5:**

Please state the names and addresses of any and all witnesses whom you plan to call upon the trial of this matter, providing a brief summary of the facts or allegations which you intend to establish thereby.

**ANSWER TO INTERROGATORY NO. 5:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objections, defendant may call the following individuals as witnesses in the trial of this matter: Jacob Stringer, Kathy Stringer, Jessie Juban, Russell Williams, Debra Williams, Jeffrey Williams, Sarah Williams, Josh Simmons, TJ Christenson, Tyler Mora, Taylor Mitchum, Blake Tomlin, Greg Roberts, Matt Little, Frontier Adjusters of San Antonio claims adjuster Rafael Mogollan, Investigating Officer Thomas Noto of St. Tammany Parish, Cindy Page of JD Martin Co., a representative of Anixter International, and the plaintiff's medical treatment providers. Further, defendant reserves the right to call an IME physician, an expert in accident reconstruction, and/or an economist. Defendant will also call any witness for purposes of impeachment and will identify same in accordance with the Court's scheduling order. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 6:**

Please state whether or not any photograph(s), blueprint(s), diagram(s), and/or any other type of drawing(s) or sketch(es) was/were made, taken, or prepared by you or on your behalf of the accident scene, the surrounding area and/or any of the vehicles involved; if so, please state:

 a) When any such was/were made, taken or prepared;

 b) The name and address of each party who made, took or prepared any of same; and

 c) The name and address of each party who presently has possession of same.

**ANSWER TO INTERROGATORY NO. 6:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objection, defendant is in possession of sixteen photographs of the plaintiff's vehicle taken by Mr. Rafael Mogollan on September 4, 2014. Mr. Juban took photographs following the alleged accident of the vehicles involved, but is not currently in possession of same. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 7:**

Please state whether within the past ten (10) years you have ever been convicted of or plead guilty to the violation of any Federal and/or State Criminal Statute (whether felony or misdemeanor). If so, give the date, court and case number in which any such conviction or guilty plea was entered and the statute to which you plead guilty or the violation of which you were convicted.

**ANSWER TO INTERROGATORY NO. 7:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objections, upon present

information and belief, defendant has not been convicted of a felony or crime involving dishonesty in the past ten years. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 8:**

In connection with the accident in question, were you cited for the violation of any state statute, municipal and/or parish ordinance? If so, state the violation with which you were cited, the court in which any legal proceedings were instituted and the case number and disposition of any such case, charge or citation.

**ANSWER TO INTERROGATORY NO. 8:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objections, as per the Uniform Motor Vehicle Traffic Crash Report, numbered 20140028997, Mr. Juban was issued a citation pursuant to La. R.S. 32:81. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 9:**

Please state your point of departure and destination at the time of the accident in question herein, giving the precise time of your departure, the time at which you was expected to arrive at your destination; and the purpose of your travel.

**ANSWER TO INTERROGATORY NO. 9:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objection, upon present information and belief, Mr. Juban was transporting cars to "Don's Wholesale" to Slidell, La on the date of the incident. Upon present information and belief, Mr. Juban began his vehicle

inspection at approximately 8:00am. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 10:**

If the purpose of your travel as stated in Interrogatory No. 9 above was for business and/or employment, give the name and address of the business and/or employer on whose behalf you were traveling at the time of the accident in question herein and provide a complete description of your errand or other business which you were expected to conduct on behalf of any such business and/or employer on the date in question together with a brief description of your duties in your business and/or employment.

**ANSWER TO INTERROGATORY NO. 10:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objections, upon present information and belief, Jesse Juban was within the course and scope of his employment with Expert Auto Transport, LLC at the time of the incident. Mr. Juban was transporting cars to "Don's Wholesale" to Slidell, La on the date of the incident. Mr. Juban began his vehicle inspection at approximately 8:00am. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 11:**

Please state whether you had taken or consumed any drugs or medication of any kind within thirty-six (36) hours immediately preceding the accident in question herein. If so, state:

    a)     The name of the drug or medication;

    b)     The dosage which you took during that period;

    c)     The prescribed daily dosage;

d)   The name and address of the physician who prescribed same; and

    e)   The purpose for which you were taking the medication.

**ANSWER TO INTERROGATORY NO. 11:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objections, upon present information and belief, defendant had not consumed any drugs or medication of any kind within the 36 hours immediately preceding the incident. Mr. Juban underwent a drug screen after the incident evidencing as much. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 12:**

Please state whether you consumed any alcoholic beverage(s) within twenty-four (24) hours immediately preceding the accident in question herein. If so, state:

    a)   The beverage(s) you consumed;

    b)   The number of beverages you consumed;

    c)   The location(s) where said beverage(s) was/were consumed; and

    d)   The period of time over which said beverage(s) was/were consumed.

**ANSWER TO INTERROGATORY NO. 12:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objections, upon present information and belief, defendant had not consumed any alcoholic beverages within the 24 hours immediately preceding the accident. Defendant reserves the right to supplement and amend this response as discovery progresses.

8

**INTERROGATORY NO. 13:**

State the name and address of each person, including experts, having any knowledge of relevant facts related to the collision which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

**ANSWER TO INTERROGATORY NO. 13:**

Please see Answer to Interrogatory No. 5.

**INTERROGATORY NO. 14:**

State the name and address of any potential party to this lawsuit, not already a party hereto.

**ANSWER TO INTERROGATORY NO. 14:**

Defendant objects to this interrogatory as overly broad, unduly burdensome, and premature as discovery is ongoing. Defendant further objects under La. C.C.P. Art. 1005, affirmative defenses must be plead or risk waiving these defenses if not plead. Defendant will pursue all available defenses in this litigation. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 15:**

Describe any agreement under which any insurance company and/or other entity, including the Expert Auto Transport, LLC, may be liable to satisfy part of or all of the judgment which may be entered in this action against you, or to indemnify or reimburse you for payments made to satisfy the judgment, by stating the name of the insurer or entity, the policy or contract number, the named insureds therein, and the amount of any liability coverage, whether primary, excess and/or umbrella policies.

**ANSWER TO INTERROGATORY NO. 15:**

Defendant objects to this interrogatory as premature, a determination of liability will be

made by the trier of fact. Subject to and without waiving said objection, Western World Insurance Company issued a policy of commercial automobile liability insurance to Expert Auto Transport, LLC, bearing policy number MCC0100496, and in effect from June 15, 2014 through June 15, 2015. Said policy is the best evidence of the coverages provided therein. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 16:**

Please state whether the defendant has taken or prepared any photographs, videos or other visual or audio recordings of the plaintiff since the date of the incident in question. If so, please state the name and address of each person who took or prepared such audio or visual recording and the name and address of each person who has custody of such audio or visual recording.

**ANSWER TO INTERROGATORY NO. 16:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objection, defendant is not in possession of any photographs, video tapes, or audio recordings of the plaintiff at this time. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 17:**

Please describe fully your version of how the collision occurred. Your description should include the date, time of accident, weather conditions, traffic conditions, movement of each vehicle involved and any actions you took to avoid the collision.

**ANSWER TO INTERROGATORY NO. 17:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome and premature as discovery is ongoing. Defendant further objects to this interrogatory as it is premature and will be determined by the experts as this matter progresses. Subject to and

without waiving said objection, this information is available in the Uniform Motor Vehicle Traffic Crash Report, numbered 20140028997. Subject to and without waiving said objection, upon present information and belief, while following the Stringer vehicle in traffic on the interstate, the vehicle ahead of Mr. Stringer's stopped suddenly, causing Mr. Stringer to swerve to the left to avoid a collision. Mr. Juban also slowed but was unable to successfully stop the 18 wheeler and struck the left rear bumper of the Stringer vehicle. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 18:**

Please identify the make, model, year, weight and owner of each of the following:

a) Vehicle you were driving;

b) Trailer the airboat was on;

c) Airboat you were pulling.

**ANSWER TO INTERROGATORY NO. 18:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objections, as per the Uniform Motor Vehicle Traffic Crash Report, numbered 20140028997, Expert Auto Transport, LLC owns the tractor and trailer that Mr. Juban was operating at the time of the incident. The defendant was not transporting an airboat at the time of the incident. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 19:**

For all accidents that you have been involved in within the last ten years, please give the date, description and place of the accident. Please confirm whether you were at fault, received a citation and/or were reprimanded by your employer as a result of the accident(s).

11

**ANSWER TO INTERROGATORY NO. 19:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objections, upon present information and belief, defendant has not been involved in any prior automobile or truck accidents within the last ten years. Defendant reserves the right to supplement and amend this response as discovery progresses.

**INTERROGATORY NO. 20:**

If you were in the course and scope of your employment at the time of the accident, in any capacity (i.e., independent contractor), state the name the employer/contractor, your position/role, length of time employed/contracted and whether you were reprimanded, written up or received any action or suspensions etc. as a result of the accident.

**ANSWER TO INTERROGATORY NO. 20:**

Defendant objects to this interrogatory as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objections, upon present information and belief, Jesse Juban was within the course and scope of his employment with Expert Auto Transport, LLC at the time of the incident. Upon present information and belief, Mr. Juban had been employed for the company as a truck driver and was under the supervision of Mr. Russell Williams for two to three years prior to our incident. Defendant reserves the right to supplement and amend this response as discovery progresses.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

A certified, true copy of each policy, contract and/or agreement which would afford you, your agents, employees and/or others coverage for claims of the nature herein asserted by the plaintiff, whether primary, excess or umbrella policies.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this request as premature, a determination of liability will be made by the trier of fact. Subject to and without waiving said objection, please see attached the policy of commercial automobile liability insurance Western World Insurance Company issued to Expert Auto Transport, LLC, bearing policy number MCC0100496, and in effect from June 15, 2014 through June 15, 2015. Said policy is the best evidence of the coverages provided therein. Defendant reserves the right to supplement and amend this response as discovery progresses.

**REQUEST NO. 2:**

A front and back copy of Defendant's driver's license.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this request as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objection, a copy of Mr. Juban's driver's license was attached to the deposition of Mr. Juban. Defendant reserves the right to supplement and amend this response as discovery progresses.

**REQUEST NO. 3:**

A copy of any statement previously made by any person (whether a party or not) concerning the instant accident or its subject matter and which is in your possession, custody or control.

> For the purpose of this question, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the

13

person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**RESPONSE TO REQUEST NO. 3:**

Objection. Any such statements would have been taken in anticipation of litigation; and as such, they would not be discoverable under La. CCP Art. 1424, except for statements from the plaintiff. Defendant further objects as this request seeks to gather information taken in anticipation of litigation and material protected by attorney client privilege. Subject to and without waiving said objection, defendant is only aware of those statements made to Officer Thomas Noto within the Uniform Motor Vehicle Traffic Crash Report, numbered 20140028997. Plaintiff provided us with a copy of this report with their discovery responses. As such, defendant will provide a copy of this report upon specific request if it is not already in the plaintiff's possession. Further, upon present information and belief, while taken in anticipation of litigation, Mr. Rafael Mogollan of Frontier Adjusters of San Antonio interviewed Mr. Russell Williams and Mr. Jesse Juban during his investigation of the matter, but no recording or transcription of these interviews were made. The deposition of Jacob Stringer was taken on January 15, 2016 and the deposition of Jesse Juban was taken on January 21, 2016. Defendant reserves the right to supplement and amend this response as discovery progresses.

**REQUEST NO. 4:**

Copies of any and all photographs, blueprints, diagrams, maps, drawings and/or sketches made, taken or prepared by you or on your behalf of the accident, accident scene, the surrounding area, persons involved, and/or any of the vehicles involved.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this request as vague, overly broad, unduly burdensome and premature as discovery is ongoing. Subject to and without waiving said objection, please see attached the sixteen photographs of the plaintiff's vehicle taken by Mr. Rafael Mogollan on September 4, 2014. Defendant reserves the right to supplement and amend this response as discovery progresses.

**REQUEST NO. 5:**

Copies of any and all photographs, video tapes or other audio or visual recordings of the plaintiff since the date of the accident in question which are in the possession, custody and control of the defendant.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this request as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objection, defendant is not in possession of any photographs, video tapes, or audio recordings of the plaintiff at this time. Defendant reserves the right to supplement and amend this response as discovery progresses.

**REQUEST NO. 6:**

A copy of the title and registration for each of the following: the vehicle you were driving; the trail or you were pulling; and the airboat you were pulling.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this request as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objection, upon present information and belief, defendant is not in possession of documents responsive to this request at

15

this time. Defendant reserves the right to supplement and amend this response as discovery progresses.

**REQUEST NO. 7:**

Any and all statements or reports made by an expert witness who will or may testify in this matter.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to this request as vague, overly broad, unduly burdensome, and premature as discovery is ongoing. Subject to and without waiving said objections, defendant has not yet retained an expert in this matter. Defendant reserves the right to supplement and amend this response as discovery progresses.

**REQUEST NO. 8:**

Any and all documents that may or will be introduced during the trial of this matter.

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this request as overly broad, unduly burdensome and premature as discovery is ongoing. Defendant further objects to this request as seeking documents protected by attorney client privilege and/or prepared in anticipation of litigation. Subject to and without waiving said objection, please see attached the sixteen photographs of the plaintiff's vehicle taken by Mr. Rafael Mogollan on September 4, 2014; the policy of commercial automobile liability insurance Western World Insurance Company issued to Expert Auto Transport, LLC, bearing policy number MCC0100496, and in effect from June 15, 2014 through June 15, 2015; the Property Damage Release dated September 18, 2014; the property damage release and settlement check; the estimate of repairs for the plaintiff's vehicle dated September 4, 2014; the ACV worksheet of the plaintiff's vehicle; the Expert Auto Transport, LLC invoice dated

16

September 1, 2014 evidencing transport of plaintiff's vehicle from New Orleans, LA to San Antonio, Tx; and the Enterprise receipt and rental agreement evidencing Debra William's payment of the plaintiff's rental car. The defendant also reserves the right to introduce any and all of the plaintiff's medical records, including those of Family Wellness Chiropractic, Premier Medical Imaging, Comprehensive Spine Center, Grapevine Chiropractic, MetroPlex, and Dr. Daniel Cooper. Further, the defendant reserves the right to introduce any of the plaintiff's employment records and/or tax returns, including those from JD Martin, Co.; Stephen F. Austin State University; and Anixter International. Defendant also reserves the right to introduce the Uniform Motor Vehicle Traffic Crash Report, numbered 20140028997. These documents will be provided to the plaintiff upon specific request if they are not already within the plaintiff's possession. Defendant reserves the right to supplement and amend this response as discovery progresses.

Defendant specifically reserves the right to supplement and amend these responses as discovery progresses.

Respectfully submitted,

*/s/ R. Todd Musgrave*

R. Todd Musgrave, Bar No. 22840
Amanda H. Aucoin, Bar No. 31197
Musgrave, McLachlan, & Penn, L.L.C.
1515 Poydras St., Suite 2380
New Orleans, LA 70112
Telephone: (504) 799-4300
Facsimile: (504) 799-4301
Attorneys for Jessie Juban, Expert Auto Transport, LLC and Western World Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record herein, by facsimile transmission and/or email on the \_\_\_1\_\_\_ day of February, 2016.

_____
R. Todd Musgrave